■ In the Matter of the Claim of ROBERT J. ALMSTEAD, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 1968, which determined that claimant was disqualified from receiving benefits on the ground that he refused employment without good cause. Claimant, a resident of the State of California, whose last employment in the State of New York was as a mail clerk, filed a claim for benefits effective August 21, 1967. Claimant also had previous experience as a stock clerk. On September 12, 1967 the employment office in California referred him to a job

as a stock clerk at $80 for a 40 hour week. After an interview, claimant was hired by the prospective employer to commence work on September 13, 1967, but instead he did not report for work. Claimant's excuses for not accepting the job are without merit. The record discloses, however, that claimant signed a statement on September 19, 1967 in the California employment office, wherein he stated: "I called the employer and told him I decided not to report to the job because I did not like that kind of work." Claimant, on September 27, 1967, appealed the Industrial Commissioner's determination that he was ineligible to receive benefits and requested a hearing, giving as his reasons: "I didn't feel that there would be any chance of advancement in the work. Also it isn't in my line of work as I last worked in a mail room." A refusal by a claimant without good cause to accept an offer for employment for which he is reasonably fitted by training and experience, disqualifies the claimant for benefits. (Labor Law, § 593.) " The existence of 'good cause' is factual and the determination of the board on this question if supported by substantial evidence is final." (*Matter of Walls [Catherwood]*, 26 A D 2d 883.) Substantial evidence supports the board's determination. Decision affirmed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by the court; Aulisi, J., not voting.